IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DETRIAWN R. WADE                                                                                          PLAINTIFF
ADC #137948

V.                                            NO: 5:10CV00168 JMM/HDY

LAFAYETTE WOODS, SR.                                                                             DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the Arkansas Department of Correction's Tucker Unit, filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on June 1, 2010, naming LafayetteWoods, Sr., the Circuit Clerk of Jefferson County, as the sole Defendant.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, Defendant failed to send him a file marked copy of a motion to amend, with accompanying exhibits, that he filed in a *pro se habeas* petition. Plaintiff asserts the motion to amend was received by the Jefferson County Circuit Court on September 25, 2009, before his state *pro se habeas* petition was dismissed on October 1, 2009.

Plaintiff contends that the motion to amend was vital in his state *pro se habeas* petition, because one of the grounds the Respondent raised to dismiss his petition was that the Arkansas Supreme Court was considering an appeal which arose from the same case as Plaintiff's *pro se habeas* petition. The Arkansas Supreme Court action had been filed by Plaintiff's former attorney, allegedly without his authorization, but was dismissed on September 10, 2009, and Plaintiff wished to file his motion to demonstrate that the Arkansas Supreme Court proceeding was no longer an issue. Plaintiff charges that Defendant not only failed to send him a file marked copy of his motion to amend, but failed to timely file it, waiting instead until after his *pro se habeas* petition was

dismissed (docket entry #4, page #4).[1]

It is apparent that the essence of Plaintiff's complaint is that Defendant failed to timely file his motion, which, Plaintiff contends, led to his petition not being properly considered. Plaintiff seeks damages, and apparently, an order directing the Circuit Court to provide him with a copy of his motion to amend (docket entry #4). Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed.

Court clerks have immunity from damages for civil rights violations when they perform tasks, such as filing documents, that are an integral part of the judicial process. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"). Thus, Defendant is immune from any damages claim.

To the extent that Plaintiff seeks declaratory or injunctive relief, his complaint must also be dismissed because he has an adequate remedy at law under state law. *See Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989)(noting that injunctive relief is inappropriate when an adequate remedy under state law exists); *Hawthone v. Langley*, 2001 WL 333057 (Ark. Apr. 5, 2001)(unpublished per curiam)(recognizing that the Circuit Court has authority to direct its clerk to perform duties pertaining to a case filed in that court).

Because Defendant is immune from damages for civil rights violations, and Plaintiff has an

---

[1] Some of the Court's summary of Plaintiff's complaint was obtained from reading the complaint in conjunction with factual assertions made in Plaintiff's motion to compel (docket entry #4).

adequate remedy under state law for his apparent request for injunctive relief, his complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.  This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4.  All pending motions be DENIED.

DATED this   6   day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE